1  PAUL W. REIDL (State Bar No. 155221)
   Law Office of Paul W. Reidl
2  Second Floor
   241 Eagle Trace Drive
3  Half Moon Bay, CA 94019
   (650) 560-8530
4  paul@reidllaw.com

5  *Attorney for Central Garden & Pet Company*

6              **UNITED STATES DISTRICT COURT**

7             **NORTHERN DISTRICT OF CALIFORNIA**

8

9  **CENTRAL GARDEN & PET**              Case No.
   **COMPANY**,
10   a Delaware Corporation

11          Plaintiff,                   **COMPLAINT FOR TRADEMARK**
                                         **INFRINGEMENT, UNFAIR COMPETITION,**
12       v.                              **AND RESTITUTION FOR UNJUST**
                                         **ENRICHMENT**
13  **WEGMAN'S FOOD MARKETS, INC,**

14   an New York Corporation,

            Defendant.
15

16      Plaintiff Central Garden & Pet Company, for its Complaint against Defendant, Wegman's

17  Food Markets, Inc., alleges the following on information and belief:

18                     **JURISDICTION**

19      1.    This is an action for infringement of a Federally registered trademark under the

20  Lanham Act, 15 U.S.C. § 1051 *et seq.*, for infringement of an unregistered mark under the Lanham

21  Act, for unfair competition under California law and for restitution for unjust enrichment.

22      2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a) and

23  15 U.S.C. § 1121 and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).  Acts

24

1    giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will

2    continue to occur in California and this District.

3                                                    **VENUE**

4          3.    Venue properly lies within this District pursuant to 28 U.S.C. § 1391. This is an

5    intellectual property action and therefore should be assigned on a district-wide basis per Local Civil

6    Rule 3-2(c).

7                                              **THE PARTIES**

8          3.    Plaintiff Central Garden & Pet Company ("Central Garden & Pet") is a Delaware

9    corporation with its principal place of business in Walnut Creek, California. Among other things, it is

10   in the business of producing and distributing pet food throughout the United States, California and

11   this District.

12         4.    Wegman's Food Markets, Inc. ("Wegman's") is a New York corporation with its

13   principal place of business in Rochester, New York. It is in the business of producing and selling pet

14   food and other goods in the United States.

15                                            **BACKGROUND**

16         5.    Central Garden & Pet owns numerous brands of pet food that are distributed

17   throughout the United States. One of these is SIMPLY NATURAL. It is used on and in connection

18   with premium grain-free dog food. SIMPLY NATURAL dog food is distributed in four (4) to twenty

19   six (26) pound bags in pet, mass merchandise and grocery stores throughout the United States.

20         6.    Central Garden & Pet owns United States trademark registration no. 2,604,270 for

21   SIMPLY NATURAL for pet food in Class 31. This registration is incontestable under 15 U.S.C.

22   § 1065. The SIMPLY NATURAL trademark has been in use since 2000 and by virtue of its use and

23   extensive promotion it has become a strong and well-known trademark for premium grain-free dog

24

1   food originating with Central Garden & Pet.  Central Garden & Pet also owns United States

2   trademark registration no. 4,645,622 for SIMPLY NATURAL and design.

3        7.        The packaging for SIMPLY NATURAL dog food is depicted below:




8.        Wegman's sells a variety of brands of pet food, including its own, and competes with Central Garden & Pet in the pet food market.  In or about early 2014, Wegman's decided that it would sell its own brand of premium, natural grain-free dog food.  Wegman's determined that the term "Simply Nature" would be a strong indicator of source for a premium grain-free dog food. On information and belief, while it was developing its SIMPLY NATURE brand for its premium grain-free dog food, Wegman's was aware of Central Garden & Pet's registered trademark for SIMPLY NATURAL.  Rather than respecting Central Garden & Pet's trademark rights, however, Wegman's embarked on a scheme to appropriate the goodwill in Central Garden & Pet's trademark.  In furtherance of this scheme, Wegman's added the term "from" in small horizontal type to the proposed trademark.  On information and belief this was done in an attempt to distinguish its newly-adopted trademark from Central Garden & Pet's registered trademark.

9.    Wegman's SIMPLY NATURE mark is used on premium grain-free dog food. There are at least nine (9) different types of the dog food sold in five (5) to thirty (30) pound bags. There are at least five (5) different kinds of wet (canned) dog food. These products compete directly with Central Garden & Pet's SIMPLY NATURAL dog food.

10.    The packaging for premium grain-free dog food bearing the SIMPLY NATURE mark is depicted below:



11.    Wegman's has an extensive web presence. On information and belief Wegman's has purchased a SIMPLY NATURE ad word from one of more web sites so that when a potential consumer searches for Central Garden & Pet's SIMPLY NATURAL brand it will receive results for Wegman's SIMPLY NATURE brand and various retail stores from which its brand can be purchased. Wegman's also promotes itself on social media and has followers/friends from California and this District. Its web site promotes and advertises its SIMPLY NATURE brand of dog food.

12.    Upon learning of Wegman's use of the SIMPLY NATURE trademark, Central Garden & Pet contacted Wegman's and requested that it respect Central Garden & Pet's trademark rights by ceasing its use of the SIMPLY NATURE trademark. Wegman's refused.

13.     In adopting its trademark, Wegman's has deliberately and intentionally targeted Central Garden & Pet's business, its brand and its goodwill. Wegman's was on statutory and actual notice of Central Garden & Pet's trademark before it began using the SIMPLY NATURE mark, and even though it had time to change its trademark shortly after the launch of the brand, it refused to do so. Wegman's deliberately targeted Central Garden & Pet and its valuable trademark by appropriating the trademark and its goodwill with full knowledge that Central Garden & Pet owns the trademark rights to the term for pet food, and that it is of great value to Central Garden & Pet because the trademark has a tremendous amount of consumer goodwill attached to it. Wegman's is specifically targeting Central Garden & Pet with the intention of destroying the ability of Central Garden & Pet's valuable trademark to function as an indicator of a single source of the goods so that Wegman's can free-ride on the brand recognition, goodwill, investment and success of Central Garden & Pet's brand. Wegman's willfully, deliberately and knowingly adopted and used Central Garden & Pet's trademark for the purpose of promoting their new competitive dog food, attracting new customers and building their brand in direct competition with Central Garden & Pet in a manner that, if successful, will destroy the SIMPLY NATURAL trademark. The whole point of Wegman's conduct is to confuse consumers into thinking that there are two sources of SIMPLY NATURAL dog food when, up until the launch of Wegman's dog food there had been only one, and to compete unfairly with Central Garden & Pet by destroying its trademark and causing great harm, injury, and damage to Central Garden & Pet and its valuable brand in the process. That harm, injury and damage will be felt here in this District.

14.     Wegman's committed these infringing acts knowing that Central Garden & Pet resides in this District and would suffer any injuries from Wegman's conduct in this District.

//

COMPLAINT

**CLAIM ONE**

**(Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)**

15.     The allegations of Paragraphs 1-14 of this Complaint are hereby incorporated by reference.

16.     Wegman's began using its trademark in the promotion and sale of premium grain-free dog food without authorization from Central Garden & Pet. Wegman's trademark is substantially similar to Central Garden & Pet's registered and incontestable SIMPLY NATURAL trademark.  The Wegman's and Central Garden & Pet trademarks goods are used on identical goods:  premium, grain-free dog food.  In the normal course of trade the dog food would be sold and promoted to the same consumers in the same channels of trade.  Consumers seeking Central Garden & Pet's dog food and who look for it on the internet are likely to become initially interested in Wegman's dog food because Wegman's has used Central Garden & Pet's registered trademark in ad words for its brand. Consumers who see Wegman's brand are likely to believe mistakenly that the dog food originates with, is licensed by or is otherwise associated or affiliated with Central Garden & Pet or, alternatively, consumers who see Central Garden & Pet's SIMPLY NATURAL dog food may mistakenly believe it originates with, is licensed by or is otherwise associated or affiliated with Wegman's.  This unauthorized use of the marks by Wegman's creates a likelihood of confusion and constitutes an infringement of Central Garden & Pet's trademark under 15 U.S.C. §§ 1051 *et seq.*

17.     Central Garden & Pet has been and will be injured by Wegman's use and promotion of its trademark.  The use of a highly similar mark on identical goods will undermine if not destroy the goodwill in Central Garden & Pet's trademark and cause damage and injury to it. It will harm Central Garden & Pet's business reputation and goodwill and decrease its business and profits.

//

COMPLAINT

18.     Wegman's infringing conduct is willful, intentional and in bad faith.  Wegman's was aware of Central Garden & Pet's registered trademark prior to adopting its trademark and therefore had an opportunity to change its mark prior to the launch of the competitive dog food.  Notwithstanding this knowledge and opportunity, Wegman's made a conscious decision to proceed with its scheme to appropriate the goodwill in Central Garden & Pet's trademark.

**WHEREFORE**, Central Garden & Pet prays for relief as set forth below.

## CLAIM TWO

### (Federal Infringement of an Unregistered Trademark, 15 U.S.C. § 1125)

19.     The allegations of Paragraphs 1-18 of this Complaint are hereby incorporated by reference.

20.     Central Garden & Pet owns valuable unregistered common law trademark rights in its SIMPLY NATURAL trademark for pet food.  It began using this mark for these goods in the United States, California and New York in 2000.  This was long prior to Wegman's use of its mark on the identical goods.

21.     The aforementioned acts are likely to confuse consumers into mistakenly believing that the goods sold by Wegman's originate with Central Garden & Pet and are authentic goods of theirs. This constitutes infringement of an unregistered mark under 15 U.S.C. § 1125.

22.     These acts are willful and deliberate.

23     As a direct consequence of these unlawful acts and practices, Central Garden & Pet has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** Central Garden & Pet prays for relief as set forth below.

//

COMPLAINT

1

## CLAIM THREE

2

### (Unfair Competition Under California Law)

3     24.     The allegations of Paragraphs 1-23 of this Complaint are hereby incorporated by

4 reference.

5     25.     The foregoing acts of trademark infringement constitute unfair competition under

6 Business & Professions Code §17200. Central Garden & Pet has suffered direct injury from these

7 actions, including the lost revenues from sales resulting from the diversion of potential customers

8 who purchased goods from Wegman's in the mistaken belief that they were purchasing goods

9 authorized, licensed or sponsored by Central Garden & Pet

10     **WHEREFORE,** Central Garden & Pet prays for relief as set forth below.

11

## CLAIM FOUR

12

### (Restitution Based On Unjust Enrichment)

13     26.     The allegations of Paragraphs 1-25 of this Complaint are hereby incorporated by

14 reference.

15     27.     As a result of Wegman's conduct, it has been unjustly enriched at the expense of

16 Central Garden & Pet and the law thereby implies a contract by which the Wegman's must pay to

17 Central Garden & Pet the amount by which, in equity and good conscience, Wegman's has been

18 unjustly enriched at the expense of Central Garden & Pet.

19     **WHEREFORE**, Central Garden & Pet seeks judgment against the Wegman's as follows:

20     1.     An injunction against Wegman's enjoining any further infringement of Central Garden

21 & Pet's trademark; and

22     2.     An award of damages in an amount to be determined at trial; and

23 //

24

1       3.      An enhancement of the damages award for wilful and deliberate conduct as permitted

2  by the Lanham Act; and

3       4.      An award in the amount by which Wegman's has been unjustly enriched; and

4       5.      Costs of suit, including Central Garden & Pet's reasonable attorneys' fees; and

5       6.      An order of remedial advertising as this Court deems just as permitted by the Lanham

6  Act; and

7       7.      Such further relief as this Court deems just.

8

9
                                     **LAW OFFICE OF PAUL W. REIDL**

10                           By: _____

11                            Paul W. Reidl (CA Bar No. 155221)
                               LAW OFFICE OF PAUL W. REIDL

12  Dated: February 10, 2015         Second Floor
                               241 Eagle Trace Drive

13                            Half Moon Bay, CA 94019
                               (650) 560-8530

14                            paul@reidllaw.com

15                            *Attorney for Central Garden & Pet Company*

16

17

18

19

20

21

22

23

24